U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

MAY 28 2004

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

**14TH JUDICIAL DISTRICT COURT FOR THE PARISH OF CALCASIEU**

**STATE OF LOUISIANA**

DOCKET NO: 2004-2669

CV04-1178-LC

DIVISION: "F"

JUDGE MINALDI

MAGISTRATE JUDGE WILSON

LAURA LUNEAU AND RITA ZANGLA

VERSUS

WYETH, INC., f/k/a AMERICAN HOME PRODUCTS CORPORATION; AMERICAN HOME PRODUCTS CORPORATION; WYETH-AYERST LABORATORIES COMPANY, A DIVISION OF AMERICAN HOME PRODUCTS CORPORATION; A.H. ROBINS COMPANY INCORPORATED; ION LABORATORIES, INC.; CELLTECH PHARMACEUTICALS, INC., f/k/a MEDEVA PHARMACEUTICALS, INC.; GATE PHARMACEUTICALS, A DIVISION OF TEVA PHARMACEUTICALS, USA, INC.; SMITHKLINE BEECHAM CORPORATION; FISONS CORPORATION; JONES PHARMA INCORPORATED, F/K/A JONES MEDICAL INDUSTRIES, INC., AS SUCCESSOR TO ABANA PHARMACEUTICALS, INC.; SHIRE RICHWOOD, INC. AS SUCCESSOR IN INTEREST TO RICHWOOD PHARMACEUTICAL CO., INC.; DANIEL BYELICK; EDWARD J. GUILLORY; KEVIN S. BROWN; AND MICHAEL J. WICKS

FILED: APR 27 2004

_____
DEPUTY CLERK

## PETITION FOR DAMAGES

COME NOW, LAURA LUNEAU and RITA ZANGLA, hereinafter "Plaintiffs", complaining of WYETH, a corporation; AMERICAN HOME PRODUCTS CORPORATION; WYETH-AYERST LABORATORIES COMPANY, a Division of AMERICAN HOME PRODUCTS CORPORATION; A. H. ROBINS COMPANY, INCORPORATED; ION LABORATORIES, INC.; CELLTECH PHARMACEUTICALS, INC. f/k/a MEDEVA PHARMACEUTICALS, INC.; GATE PHARMACEUTICALS, a Division of TEVA PHARMACEUTICALS, USA, INC.; SMITHKLINE BEECHAM CORPORATION; FISONS CORPORATION; JONES PHARMA INCORPORATED, f/k/a JONES MEDICAL INDUSTRIES, INC., as successor to ABANA PHARMACEUTICALS, INC.; SHIRE RICHWOOD, INC.; DANIEL BYELICK; EDWARD J. GUILLORY; KEVIN S. BROWN; and MICHAEL J. WICKS , hereinafter collectively referred to as "Defendants," and for cause of action would respectfully show unto the Court and Jury the following:

This is a civil action brought on behalf of **"PLAINTIFFS"** who were prescribed and used the drugs "Phentermine", "Fenfluramine", "Redux", "Pondimin", "Ionamin"; "Adipex", "Obytrim", "Teramin", "Zantryl", "Phentride", and "Pastin". These drugs have caused

Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

1



Plaintiffs one or more of the following symptoms: shortness of breath, chest pain, rapid heartbeat, peripheral swelling, abnormal echocardiograms, abnormal EKGs, heart valve damage, brain injury and/or other heart conditions. This action seeks monetary damages for the personal injuries and damages caused by these drugs to Plaintiffs.

I.

## PARTIES

1. Plaintiffs Laura Luneau and Rita Zangla are residents and citizens of the State of Louisiana.

2. The Defendants and their addresses are:

   a. Defendant Wyeth[1], f/k/a American Home Products Corporation ("Wyeth"), is a Delaware corporation with its principal place of business in New Jersey. WYETH does business in the State of Louisiana and, at all relevant times, was in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical Pondimin (fenfluramine hydrochloride) and the pharmaceutical Redux (dexfenfluramine hydrochloride) in the State of Louisiana. Said Defendant may be served with citation by serving its registered agent, Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129, by certified mail, return receipt requested. Service of process is requested at this time.

   b. Defendant American Home Products Corporation ("American Home") is a Delaware corporation that is doing business in the State of Louisiana. Said Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested to its home office: 5 Giralda Farms, Madison, NJ 07940-0874. At all times relevant hereto, American Home was in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical Pondimin (fenfluramine hydrochloride) and the pharmaceutical Redux (dexfenfluramine hydrochloride). Service of process is requested at this time.

---

[1] "WYETH" and/or "WYETH Defendant" shall refer specifically to WYETH as the successor corporation to American Home Products Corporation, Wyeth-Ayerst Laboratories Division of American Home Products Corporation and A. H. Robins Company, Incorporation, individually and collectively.

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

2

c.  Defendant Wyeth-Ayerst Laboratories Company, a division of American Home Products Corporation ("Wyeth"), is a Delaware corporation that is doing business in the State of Louisiana. Said Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested to its home office: 5 Giralda Fanns, Madison, NJ 07940-0874. At all times relevant hereto, Wyeth-Ayerst Laboratories Company, a division of American Home Products Corporation ("Wyeth") was in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical Pondimin (fenfluramine hydrochloride) and the pharmaceutical Redux (dexfenfluramine hydrochloride). Service of process is requested at this time.

d.  Defendant A. H. Robins Company, Incorporated ("A.H. Robbins") is a Delaware corporation that is doing business in State of Louisiana. Said Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested to its home office: 5 Giralda Farms, Madison, NJ 07940. At all times relevant hereto, A.H. Robins was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical Pondimin (fenfluramine hydrochloride) and the pharmaceutical Redux (dexfenfluramine hydrochloride). Service of process is requested at this time.

*Gerald Maples, P.A.*
*902 Julia Street*
*New Orleans, LA 70113*
*Phone: 504.569.8732*
*Fax: 504.525.6932*

3

05/07/04  FRI 09:26  [TX/RX NO 8824]  ☒005

e. Defendant Ion Laboratories, Inc. ("Ion") is a Texas Corporation that is doing business in the State of Louisiana. Said Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested to its home office: 7509 Flagstone Drive, Fort Worth, Texas 76118-6470. At all relevant times, Ion was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical phentermine. Service of process is requested at this time.

f. Defendant Celltech Pharmaceuticals, Inc., f/k/a Medeva Pharmaceuticals, Inc. ("Medeva") is a Delaware corporation that is doing business in the State of Louisiana. Said Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested to its home office: 755 Jefferson Rd., Rochester, NY 14623. At all relevant times, Medeva was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical phentermine. Service of process is requested at this time.

g. Defendant Gate Pharmaceuticals, a division of Teva Pharmaceuticals, USA, Inc. ('Gate") is a Delaware corporation that is doing business in the State of Louisiana. Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested at its corporate headquarters: 1090 Horsham Road, P.O. BOX 1090; North Wales, Pennsylvania 19454-1090. At all times relevant hereto, Gate was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical phentermine. Service of process is requested at this time.

h. Defendant Smithkline Beecham Corporation ("Smithkline") is a Pennsylvania corporation that does business in State of Louisiana. This

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

4

Defendant may be served with process by serving its registered agent, Corporation Service Company, 320 Somerulos St., Baton Rouge, LA 70802-6129, by certified mail, return receipt requested. At all times relevant hereto, Smithkline was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical phentermine. Service of process is requested at this time.

i. Defendant Fisons Corporation ("Fisons") is a Massachusetts corporation that does business in the State of Louisiana. Defendant has not designated or maintained a registered agent for service of process in Texas. Therefore, service of process may be made by forwarding a copy of the process by registered mail, return receipt requested to its home office: 500 Arcola Road, Collegeville, PA 19426. At all times relevant hereto, Fisons was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical phentermine. Service of process is requested at this time.

j. Defendant Jones Pharma Incorporated, f/k/a Jones Medical Industries, Inc., as successor to Abana Pharmaceuticals, Inc. ("Jones Pharma"), is a Delaware corporation that does business in the State of Louisiana. Said Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested at its home office: 2550 Hermelin Drive, St. Louis, MO 63144. At all times relevant hereto, Jones Pharma was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical phentermine. Service of process is requested at this time.

k. Defendant Shire Richwood, Inc., as successor in interest to Richwood Pharmaceutical Company, Inc. ("Richwood") is a Kentucky corporation that does business in State of Louisiana. Said Defendant has not designated or maintained a registered agent for service of process in Louisiana. Therefore, service of process may be made by forwarding a copy of the process by certified mail, return receipt requested at its home office: 7900 Tanners Gate

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

Lane, Suite 200, Florence, KY 41042. At all times relevant hereto, Richwood was engaged in the business of promoting, manufacturing, marketing, selling and distributing the pharmaceutical phentermine. Service of process is requested at this.

l.    Defendant Daniel Byelick is an individual, resident and citizen of the State of Louisiana. Service of process may be made by forwarding a copy of the process by registered mail, return receipt requested to Defendant's last known address, 860 Ridgeview Dr., Pineville, Louisiana 71360. Service of process is requested at this time.

m.    Defendant Edward J. Guillory is an individual, resident and citizen of the State of Louisiana. Service of process may be made by forwarding a copy of the process by registered mail, return receipt requested to Defendant's last known address, 6039 Cambridge Drive, Alexandria, Louisiana 71303. Service of process is requested at this time.

n.    Defendant Kevin S. Brown is an individual, resident and citizen of the State of Louisiana. Service of process may be made by forwarding a copy of the process by registered mail, return receipt requested to Defendant's last known address, 615 Julius Street, Lake Charles, Louisiana 70605. Service of process is requested at this time.

o.    Defendant Michael J. Wicks is an individual, resident and citizen of the State of Louisiana. Service of process may be made by forwarding a copy of the process by registered mail, return receipt requested to Defendant's last known address, 2500 Tyler Street, Lake Charles, Louisiana 70605. Service of process is requested at this time.

II.

## JURISDICTION

3.    Plaintiffs' claims are brought solely under Louisiana law, and Plaintiffs state that she does not bring any claims and disclaims any and all claims under federal laws, statues, or regulations.

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

6

4. The damages suffered and sought to be recovered herein are in excess of the minimum jurisdictional limits of this Court.

5. Defendants are subject to the *in personam* jurisdiction of the Court by virtue of the fact that they did and are doing business within the State of Louisiana and committed a tort in whole or in part in this state against the Plaintiffs, as more fully set forth herein.

## III.

### VENUE

6. This Court has venue of this action in that Plaintiffs purchased the drugs fenfluramine, dexfenfluramine, and/or phentermine in Calcasieu Parish, Louisiana; took the drugs fenfluramine, dexfenfluramine, and/or phentermine in Calcasieu Parish, Louisiana; and, sustained injuries as a result thereof in Calcasieu Parish, Louisiana. Additionally, Defendants Kevin S. Brown and Michael J. Wicks reside in Calcasieu Parish, Louisiana. Consequently, their cause of action occurred in Calcasieu Parish, Louisiana, and venue is proper in this Court.

## IV.

### FACTS

7. At all relevant times, Defendant Wyeth, itself, or by use of others, did manufacture, create, design, test, label, sterilize, package, distribute, supply, market, sell, advertise, and/or otherwise distribute, in interstate commerce the diet drugs Pondimin (fenfluramine) and Redux (dexfenfluramine). Fenfluramine and/or dexfenfluramine, both alone and in combination with phentermine, have been widely promoted by Defendant Wyeth as effective and safe for weight loss and weight control.

8. Plaintiffs are complaining of injuries sustained as the result of the use of the weight loss prescription drugs fenfluramine and/or dexfenfluramine.

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525 6932

7

05/07/04 FRI 09:26 [TX/RX NO 8824] ☒009

9. Fenfluramine was one of the drugs prescribed in combination with phentermine, and when prescribed or ingested together as weight-loss drugs, were popularly known, advertised, promoted, and referred to as "Fen-phen." Defendant Wyeth marketed fenfluramine under the trade name, Pondimin. Dexfenfluramine is the d-isomer of fenfluramine, containing the same active ingredient as fenfluramine, and was marketed by Defendant Wyeth under the trade name Redux. Defendant Wyeth actively encouraged and/or failed to effectively discourage, the combined use of fenfluramine and/or dexfenfluramine with phentermine, although the combined use of these drugs was not approved by the United States Food and Drug Administration ("FDA").

10. Defendant Wyeth knew the serious side effects of fenfluramine and/or dexfenfluramine for a substantial period of time. The side effects were known or should have been known to Defendant Wyeth at the time they marketed the drugs to the public based on, among other things, medical evidence of dangerous and potentially fatal side effects from the use of the drugs in Europe and elsewhere, as detailed below. Defendant Wyeth did not, however, conduct adequate testing to establish the safety of the drugs before marketing them. Rather, Defendant Wyeth aggressively marketed the drugs and promoted their use, both individually and in combination with other drugs, while downplaying evidence of the serious and potentially fatal side effects that consumers of these drugs could face.

11. Defendant Wyeth aggressively and successively marketed fenfluramine and/or dexfenfluramine, often by encouraging combination use of the products with phentermine, by falsely misleading potential users about fenfluramine and/or dexfenfluramine, and by failing to protect users from serious dangers that Defendant Wyeth knew or should have known could result from the use of fenfluramine and/or dexfenfluramine.

12. Defendant Wyeth undertook a promotional campaign that included placement of numerous articles in scientific, medical and general interest magazines extolling the virtues of fenfluramine and/or dexfenfluramine combined with phentermine in order to induce widespread use of the products. Many of these articles either cited or reported the results of studies that were funded by Defendant Wyeth. Thus, Defendant Wyeth actively encouraged, or failed to effectively

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

8

discourage, combinations of these drugs.

13. Further, Defendant Wyeth, along with Defendant manufacturers, did manufacture, design, package, market and distribute these drugs. Defendants encouraged the combination use of the drugs because they knew that the combined use would increase sales of each individual drug. Defendants Ion Laboratories, Inc., Celltech Pharmaceuticals, Inc. f/k/a Medeva Pharmaceuticals, Inc., Gate Pharmaceuticals, a Division of Teva Pharmaceuticals, USA, Inc., Smithkline Beecham Corporation, Fisons Corporation, Jones Pharma Incorporated, f/k/a Jones Medical Industries, Inc., as successor to Abana Pharmaceuticals, Inc., and Shire Richwood, Inc., as Successor in Interest to Richwood Pharmaceutical Co., Inc., actively marketed the use of their drug, phentermine, with the drugs marketed by Defendant Wyeth. These Defendants encouraged the "off label" use of their drugs. Moreover, their marketing efforts encouraged the prescribing physicians to prescribe the drug combinations.

14. Additionally, Defendant Drug Representatives encouraged the "off label" prescribing of these drugs. Defendant Drug Representatives, individually and/or in their corporate capacities, owed various duties to the Plaintiffs, but breached those duties by committing positive tortious actions against the Plaintiffs. The Defendant Drug Representatives marketed, promoted, sold, advertised and/or distributed the drugs to the Plaintiffs' prescribing doctors. Defendant Drug Representatives failed to convey adequate warnings to the Plaintiffs through the prescribing physicians, and negligently and/or wantonly failed to provide sufficient instructions to the Plaintiffs and/or Plaintiffs' prescribing physicians regarding the use of said drugs, alone or in combination. They recommended, marketed, promoted, sold, advertised and/or distributed the drugs for an indication and in a combination that was unsafe and proven to be dangerous. Defendants and retailers knowingly distributed these drugs in combination.

15. Defendant Drug Representatives knowingly promoted "off label" uses that were hazardous to the end users of the drugs. Defendant Drug Representatives possessed actual or constructive knowledge of the dangerous condition of the drugs made the basis of this suit and intentionally, deliberately, negligently, and/or wantonly withheld this information from prescribing physician(s), dispensing,

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

9

pharmacists, and the end users of the drugs, including the Plaintiffs. Plaintiffs suffer from injuries caused by their use of the drugs in the manner as promoted by these Defendants.

## V.

### STRICT LIABILITY TORT

16. Plaintiffs adopt by reference the allegations contained and set forth above.

17. Defendants, at all times relevant hereto, were engaged in the marketing, distribution and sale of the drugs fenfluramine, dexfenfluramine, and/or phentermine. Said Defendants are strictly liable in tort to the Plaintiffs for the following reasons:

a. The Defendants knew or should have known at the time the products were placed in the stream of commerce that drugs were defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses;

b. In designing, manufacturing, distributing and prescribing the pharmaceutical products in such an unreasonably dangerous condition that it was likely to cause harm to users thereof when being used for their intended use;

c. In distributing and selling said products not accompanied by adequate warnings of the dangers that were known or knowable at the time of marketing;

d. Defendants knew that the drugs would be used by the consumer without inspection for defects therein;

e. Defendants expected and knew that their drugs would reach the users and was in fact received by the Plaintiffs without change in the condition in which the drugs were first manufactured and sold;

f. Plaintiffs herein were foreseeable users of the products and used the products in their intended manner and suffered serious harm because of said use, and

g. As a direct and proximate result of the defects of the products herein sold by these Defendants, Plaintiffs have incurred damages.

### NEGLIGENCE

18. Plaintiffs adopt by reference the allegations contained and set forth above.

19. Defendants are liable to the Plaintiffs for negligence in one or more of the following particulars which negligence was a proximate or contributing cause of the harm and injuries suffered by the Plaintiffs as follows:

a. In negligently and carelessly examining, selling, and preparing said drugs in such a manner that it was likely to injure the user of said products;

b. By so carelessly and negligently packaging and distributing said products that the drugs were unsafe when they reached the hands of the consuming public, including the Plaintiffs herein;

c. In negligently and carelessly failing to warn the Plaintiffs of all of the risks

? Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

10

associated with the use of said drugs;

d. In negligently and carelessly failing to warn the consuming public of the unreasonably dangerous defects associated with said drugs after said Defendants had knowledge of the same, thereby breaching the continuing duty to warn;

e. In negligently and carelessly failing to adequately test and evaluate said drugs prior to placing the same into the general stream of commerce;

f. In negligently failing to conduct adequate pre-clinical and clinical testing, and post marketing surveillance to determine the safety of the drugs;

g. Negligently failing to provide adequate training to medical care providers who issue the drugs, and

h. Careless and negligent in designing, testing, manufacturing, selling, distributing, merchandising, advertising, promoting, compounding, packaging, fabrication, analyzing, marketing, and recommendation of the drugs.

20. The Defendants knew or should have known that consumers such as Plaintiffs would foreseeably suffer injuries and damages as a result of their failure to exercise ordinary care as described above.

21. As a direct and proximate result of the negligence of the Defendants, as set forth herein above, Plaintiffs sustained injuries and damages, as aforesaid.

## BREACH OF IMPLIED WARRANTY

22. Plaintiffs adopt by reference the allegations contained and set forth above.

23. At all times material herein, the Defendants sold and distributed the combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine, and knew the use for which the aforesaid drugs were being used by Plaintiffs and impliedly warranted to Plaintiffs that the drugs were of merchantable quality and safe for their intended use.

24. Plaintiffs relied upon these Defendants and their judgment in using the aforesaid drugs.

25. The combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine, supplied by these Defendants, was neither safe for their intended use nor of merchantable quality, as warranted by these Defendants, in that the drugs had dangerous side effects.

## NEGLIGENT MISREPRESENTATION

26. Plaintiffs adopt by reference the allegations contained and set forth above.

27. The Defendants at all times material hereto engaged in a strategy to promote and sell these products. Although these Defendants knew, or should have known,

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

11

05/07/04 FRI 09:26 [TX/RX NO 8824] @013

that dangerous risks were associated with the use of the drugs, the Defendants proceeded with the manufacture and sale of these drugs and permitted them to be advertised, promoted and sold without adequate warnings as to the serious side effects and dangerous risks to the consuming public.

28. Defendants created, financed, supported and participated in advertising campaigns throughout the United States that glamorized the success and safety of the combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine as medications for the use of weight loss and weight control. They knew about, financed, assisted, supported and traded upon the use of the name "fen-phen" in order to create consumer demand for the drug. They created, financed and participated in the publication and distribution of pamphlets, brochures, advertisements and promotional materials promoting the drugs for use, in the offices of doctors, hospitals and clinics and other health care providers, and to the public through direct consumer marketing. These advertisements and marketing programs contained misrepresentations and omissions of facts that were intended to create in the minds of the consuming public the false sense and feeling that said medications were safe with minimum said effects.

29. As part of said strategy, Defendants consciously ignored and understated the health risks associated with the combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine, including the use of testimonials and the manipulation of statistics to suggest acceptability in the medical and lay community while serious side effects and risks were not identified or publicized in said advertisements. They failed to advise or warn the public, doctors, hospitals, or clinics that there were special risks associated with the combined use of said drugs.

30. Defendants negligently failed to warn the public of high risks associated with the combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine.

31. Each of the Defendants was, therefore, guilty of misrepresentation and omissions of material facts to the Plaintiffs concerning the dangers inherent in said drugs.

32. The representations and omissions made by Defendants were material and significant to the Plaintiffs.

*Gerald Maples, P.A.*
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

12

05/07/04 FRI 09:26 [TX/RX NO 8824] ☒014

33. Defendants failed to exercise reasonable care in marketing said drugs and Plaintiffs reasonably relied on the misrepresentations and omissions of said Defendants and suffered damages as a direct result of their reasonable reliance.

34. Defendants' misrepresentations and suppressions of material facts were done intentionally, willfully, and/or negligently. In reliance on the foregoing misrepresentations by these Defendants, the Plaintiffs were induced into and purchased the drugs and subjected themselves to taking the drugs. Had Plaintiffs known of the true facts, they would not have taken such action and subjected themselves to the aforesaid risks.

35. As a result of Defendants' negligent, false misrepresentations, suppressions and concealment and conspiracy, Plaintiffs have suffered harm, injuries and damages.

## FRAUD AND DECEIT

36. Plaintiffs adopt by reference the allegations contained and set forth above.

37. Defendants conspired together to defraud and deceive Plaintiffs and members of the general public in Louisiana for the purpose of inducing the purchase and consumption of the drugs fenfluramine and/or dexfenfluramine with phentermine.

38. The Defendants knew or should have known that their drugs were defective and unreasonably dangerous. Notwithstanding this knowledge, Defendants, acting individually and in concert, engaged in a fraudulent advertising, marketing and distribution scheme for their drugs for the sole purpose of furthering their financial gain.

39. The aforesaid plan or scheme was carried out in substantially the following manner:

a. The combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine were falsely and fraudulently marketed and advertised as safe medications for the treatment of obesity, weight loss and weight control;

b. The Defendants prepared or caused to be prepared warnings and instructions on the combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine, which were false and misleading. Said warnings and instructions falsely misrepresented the results of clinical trial tests on the combined use of the drugs. The Defendants failed to disclose the substantial risk of other injuries and death associated with the use of their drugs;

c. Defendants falsely and fraudulently represented to physicians, pharmacists and others authorized to dispense the drugs, as well as to Plaintiffs and members of the general public, that despite reports from various sources that the drugs were

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

13

05/07/04 FRI 09:26 [TX/RX NO 8824] ☒015

unreasonably dangerous to their users, the drugs were in fact safe and that the Defendants had "ongoing clinical tests" which proved that the drugs were safe to continue to be used, and that any reports to the contrary were false;

d. Defendants with the intent to deceive and defraud Plaintiffs, failed to inform and advise Plaintiffs and members of the general public that the longer the drugs were taken by a patient, the higher the chance of serious side effects, including but not limited to, significant risks of pulmonary system injury, heart valve disorders, damage and disease, and/or other serious and life threatening side effects;

e. The Defendants, with the intent to deceive and defraud Plaintiffs, failed to inform and advise Plaintiffs and members of the general public that the Defendants presented no evidence, at the time they sought fast-tract review from the FDA, from the clinical trials showing that the combined use of the drugs helped relieve obesity or otherwise assist in weight loss and weight control; and

f. Defendants, with the intent to deceive, defraud and further their efforts to sell their defective products to Plaintiffs and the general public, falsely promoted the combined use of the drugs as drugs whose safety was backed up with clinical tests. Defendants in said promotional efforts withheld information necessary for Plaintiffs to make informed decisions on whether to consume the drugs.

40. As a direct result of the aforesaid scheme devised and agreed upon and participated by Defendants, Plaintiffs and others in reliance thereon continued to take the drugs at great risk and damage to their health.

41. At the time each of the false representations were made by Defendants as stated herein, they were known to be false by the Defendants, and were made for the sole purpose of deceiving and defrauding Plaintiffs.

42. As a direct and proximate result of the fraud and deceit by Defendants, Plaintiffs sustained injuries and damages as aforesaid.

## NEGLIGENCE

43. Plaintiffs adopt by reference the allegations contained and set forth.

44. Defendants knew or should have known that the combined use of the drugs fenfluramine and/or dexfenfluramine with phentermine they assisted in dispensing and selling to Plaintiffs, citizens of the State of Louisiana, and, in particular, the citizens of Calcasieu Parish, Louisiana, were defective and unreasonably dangerous.

45. Defendants had a duty to truthfully report and use reasonable means and efforts to ascertain the truth of the representations they were making to Plaintiffs.

46. Defendants negligently failed in their duty to Plaintiffs and, as a proximate and/or contributory result thereof Plaintiffs suffered the injuries complained of herein.

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

14

## AGENT MISREPRESENTATION

47. Plaintiffs adopt by reference the allegations contained and set forth above.

48. Defendant Drug Representatives, acted in two capacities herein, as sales agents and independent advisers to the physicians. These Defendants offered objective professional opinions and advice to physicians and acted independently in many instances. The following individuals made false and misleading statements about the drugs fenfluramine, dexfenfluramine and phentermine to the Plaintiffs' physicians:

| | |
|---|---|
| Hines, Donald | Daniel Byelick |
| Hines, Donald | Edward J. Guillory |
| Mowad, George B. | Kevin S. Brown |
| Mowad, George B. | Michael J. Wicks |

Plaintiffs were prescribed the diet drugs by the physicians listed above. The Defendant Drug Representatives knew that the aforementioned physicians would prescribe the diet drugs to persons such as the Plaintiffs.

Defendant Drug Representatives negligently and intentionally made material misrepresentations to the physicians that fenfluramine, dexfenfluramine and/or phentermine were safe. Defendant Drug Representatives represented that fenfluramine, dexfenfluramine and/or phentermine were safe so that the physicians mentioned above would rely on these representations when prescribing these products. The Defendant Drug Representatives knowingly sold the drugs for "off label" use, knowing that use and misuse of the drug products would occur as a result of their conduct.

Furthermore, Defendant Drug Representatives committed the following acts of intentional misrepresentation to the Plaintiffs.

    a. Representation about the drugs fenfluramine and/or dexfenfluramine with phentermine, and their effects and side effects;

    b. The information they were providing the Plaintiffs was false and inaccurate;

    c. The false information provided was material in nature;

    d. They knew that the representations and statements they were making to the Plaintiffs were false;

    e. They intended for the Plaintiffs to rely on and act upon the

*Gerald Maples, P.A.*
*902 Julia Street*
*New Orleans, LA 70113*
*Phone: 504.569.8732*
*Fax: 504.525.6932*

15

misrepresentations they made;

f. They knew that the Plaintiffs were not well educated with regards to medical and pharmaceutical matters;

g. The Plaintiffs relied on the representations made by them, and;
h. The Plaintiffs had a right to rely on the representations.

Defendants' conduct in this regard was a proximate cause of injuries and damages suffered by Plaintiffs. Plaintiffs have suffered and will continue to suffer injury, harm and economic loss as described herein.

## VI.

## JURY DEMAND

49. Plaintiffs hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs now bring this cause of action against Defendants herein above named and demand judgment of and against said Defendants, jointly and severally, in an amount sufficient to reasonably and fully compensate Plaintiffs and within the jurisdictional amounts of the court and for exemplary damages, pre and post judgment interest and all costs of court.

A TRUE COPY
Lake Charles, Louisiana

Deputy Clerk of Court
Calcasieu Parish, Louisiana
5-4-04

Respectfully submitted,

F. GERALD MAPLES, P.A.

F. Gerald Maples, (LA Bar #25960)
J. Stuart Kirwan, III (LA Bar #27534)
902 Julia Street
New Orleans, Louisiana 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

16

05/07/04 FRI 09:26 [TX/RX NO 8824] @018

**PLEASE SERVE:**

**WYETH**
*Through its agent for service of process:*
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

**AMERICAN HOME PRODUCTS CORPORATION**
5 Giralda Farms,
Madison, NJ 07940-0874

**WYETH-AYERST LABORATORIES COMPANY**
5 Giralda Farms,
Madison, NJ 07940-0874

**A.H. ROBINS COMPANY, INCORPORATED**
5 Giralda Farms,
Madison, NJ 07940-0874

**ION LABORATORIES, INC.**
7509 Flagstone Drive
Fort Worth, TX 76118-6470

**CELLTECH PHARMACEUTICALS, INC.**
755 Jefferson Road
Rochester, New York 14623

**GATE PHARMACEUTICALS**
1090 Horsham Road
P.O. Box 1090
North Wales, PA 19454-1090

**SMITHKLINE BEECHAM CORPORATION**
Through its agent for service of process
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802-6129

**FISONS CORPORATION**
500 Arcola Road
Collegeville, PA 19426

**JONES PHARMA INCORPORATED**
2550 Hermelin Drive
St. Louis, MO 63144

**SHIRE RICHWOOD, INC.**
7900 Tanners Gate Lane
Suite 200
Florence, KY 41042

**DANIEL BYELICK**
860 Ridgeview Drive
Pineville, Louisiana 71350

**KEVIN S. BROWN**
615 Julius Street
Lake Charles, LA 70605

**MICHAEL J. WICKS**
2500 Tyler Street
Lake Charles, LA 70605

F. Gerald Maples, P.A.
902 Julia Street
New Orleans, LA 70113
Phone: 504.569.8732
Fax: 504.525.6932

17

05/07/04 FRI 09:26 [TX/RX NO 8824] 019